**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| MICHAEL WAYNE RUTLAND, | * | |
| Petitioner, | * | |
| | | CASE NO. 6:08-CV-90005 WLS |
| vs. | * | 18 U.S.C. 35829(c)(2) & 28 U.S.C. § 2255 |
| | | CASE NO. 1:07-CR-47 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Rutland was indicted in this Court on June 22, 2006, for two Counts of Manufacture of More Than 5 Grams of Methamphetamine in violation of 21 United States Code § 841(a)(1), (b)(1)(B)(viii) and 18 United States Code § 2. (R-1). On January 31, 2007, Petitioner Rutland entered into a Plea Agreement with the Government and pled guilty to Count II of the Indictment. (R-87, 88). Rutland stipulated that he was manufacturing methamphetamine and that he possessed the methamphetamine with intent to distribute it. (R-87 at 10). A Pre-Sentence Investigation was reported to the Court and an advisory guideline range of sentence was calculated at 78 to 97 months imprisonment. *See* PSI. On March 15, 2007, the Court sentenced Rutland to a term of 97 months imprisonment and dismissed Count I from the Indictment. (R-96). Rutland's sentence was made the Judgment of the Court on March 22, 2007. (R-97). The Court order an intra-district transfer from the Thomasville Division to the Albany Division under Case No. 1:07-CR-47 WLS on August 31, 2007. (R-116). Petitioner Rutland did not file a direct appeal of his conviction/sentence.

On January 15, 2008, Rutland filed a timely Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 together with a Motion For Relief Under 18 United States

Code § 3582(c)(2). (R-119). Relative to his § 3582 Motion, Petitioner Rutland first contends that he is entitled to a sentence reduction pursuant to the United States Sentencing Commission's amendment to Guideline Section 4A1.2(c). (R-122 at 2). Title 18, United States Code, Section (c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement on retroactive reduction of sentences at U.S.S.G. § 1B1.10, will include notation of the Amendment in question, if it has been given retroactive application. U.S.S.G. § 1B1.10 (a) provides:

> (1) In General. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 United States Code § 3582(c)(2). As required by 18 United States Code § § 3582(c)(2), and such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Petitioner Rutland's contention that he is entitled to a one-point reduction in his criminal history calculation because of the change made to the language of the United States Sentencing Guideline § 4A1.2(c) by Amendment 709 in striking "at least one" and inserting "more than one," is without merit, because Amendment 709, effective November 1, 2007,

2

was not given retroactive applicable, since Amendment 709 has not been included, as required, in U.S.S.G. § 1B1.10(c). *See* United States Sentencing Commission, Supplement To The 2007 Guideline Manual, May 1, 2008 at page 2

However, Petitioner Rutland contends that the holding in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), making the the United States Sentencing Guidelines advisory rather than mandatory, *would* allow this Court to disregard the fact that Amendment 706 was not included in the United States Sentencing Guidelines 1B1.10(c) for retroactive application. However, The United States Court of Appeals for the Eleventh Circuit has clearly addressed this contention adversely to Petitioner Rutland. "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) Motions." *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005).

Petitioner Rutland also contends that he received ineffective assistance of counsel for his counsel's failure to properly investigate his 1993 state conviction for possession of cocaine with intent to distribute to see if he was still on probation for the 16 year split sentence he received, when he committed the present federal offense. Petitioner contends that he was not on probation and that he should not have been assessed two criminal history points in his PSI for that reason. (PSI at 33, 34). The Government disagrees and contends that he was still on the probation portion of his split 16 year sentence at the time he committed the methamphetamine offense he committed in relation to his present federal sentence. In its Response To Order For Statement of Authority (R-127), the Government

3

attached the Affidavit of Charles Sanders, Petitioner's former State Probation Officer, who attested that:

> My duties are to supervise probationers in the jurisdiction of the Cairo Probation Office and to maintain records of the supervision of those probationers. As such Michael Wayne Rutland was convicted of Possession of Cocaine with intent to distribute on June 16, 1993. He received a sentence of sixteen (16) years. Upon service of six (6) years of the sentence, the remainder of ten (10) years of the sentence was to be served on probation. On June 16, 1999, the defendant's probationary sentence began. The end date of the Defendant's probation was June 15, 2007.

Rutland argues that after he began serving the 10 year probation portion of his state sentence, "He was sentenced in 2001 to serve two years in a drug rehabilitation program in lieu of further probation." Thus, he argues, he was not on probation on December 17, 2005, when he committed the indicted charges of manufacturing and possessing methamphetamine with intent to distribute, for which he was indicted in this court. (R-1). Petitioner Rutland presents no documentation or records to support this contention. Therefore, his former State Probation Officer's Affidavit is conclusive evidence that Rutland was on probation in 2005 when he committed the federal amphetamine offense for which he is presently imprisoned. His attorney's investigation could only have revealed that the end date of Rutland's State Probation was June 15, 2007. Petitioner's counsel, therefore, was neither deficient nor prejudicial to Rutland. Counsel was not ineffective. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is without merit factually or legally.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Rutland's § 2255 Motion be denied. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of August 2008.

                                                    S/ G. MALLON FAIRCLOTH
                                                  UNITED STATES MAGISTRATE JUDGE