# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

MICHAEL WAYNE RUTLAND, :
:
    Petitioner, :
: CASE NO.: 6:08-CV-90005 (WLS)
v. : 18 U.S.C. § 3582(c)(2) & 28 U.S.C. § 2255
:
: CASE NO.: 6:06-CR-5-1 (WLS)
UNITED STATES OF AMERICA, :
:
    Respondent. :
_____:

## **ORDER**

    Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed August 18, 2008. (Doc. 130). It is recommended that Petitioner's Motion for Relief Under Title 18 U.S.C. 3582(c)(2) and for Habeas Relief Under Title 28 U.S.C. § 2255 (Doc. 119) be denied. (Doc. 130 at 5). Specifically, Judge Faircloth recommends denial of Petitioner's § 3582(c)(2) claim because Amendment 709 to the United States Sentencing Guidelines was not assigned retroactive status. (Doc. 130 at 2-3 (citing U.S.S.G. § 1B1.10(c))). Judge Faircloth also recommends denial of Petitioner's § 2255 claim because the evidence on record, which was submitted by the Government (Docs. 127-1, 127-2), shows that Petitioner was on state probation at the time he committed the federal offense to which he pled guilty, and therefore Petitioner's attorney was not ineffective in failing to challenge the resulting assessment of two criminal history points in the Presentence Investigation Report. (Doc. 130 at 3-4).

    Petitioner filed a timely Objection to the Report and Recommendation. (Doc. 133). Therein, Petitioner asserts that he was not on state probation on the date of his federal crime,

1

December 17, 2005,[1] and thus that Judge Faircloth's Recommendation to dismiss Petitioner's § 2255 claim is in error. (Doc. 133 at 1-2). Petitioner requested additional time to gather and submit evidence regarding his probation contentions (Doc. 133 at 3), which was granted by Judge Faircloth (Doc. 135). Petitioner timely filed a Statement of Authority (Doc. 136 at 1-3) which was accompanied by an exhibit (Doc. 136 at 4-5). Shortly thereafter, the Government filed a Response (Doc. 137) which was accompanied by an affidavit (Doc. 137-1) and an exhibit (Doc. 137-2).

Because Petitioner's Objection does not address Judge Faircloth's Recommendation regarding Petitioner's § 3582(c)(2) claim, the Court finds that any objection thereto has been **WAIVED** by Petitioner. Upon full review and consideration upon the record, the Court finds that Judge Faircloth's Recommendation to deny Petitioner's § 3582(c)(2) claim (Doc. 130 at 2-3) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, that portion of Petitioner's Motion for Relief Under Title 18 U.S.C. 3582(c)(2) and for Habeas Relief Under Title 28 U.S.C. § 2255 (Doc. 119) requesting relief under 18 U.S.C. § 3582(c)(2) is **DENIED**.

As to Petitioner's Objection to Judge Faircloth's Recommendation to deny Petitioner's § 2255 claim, the Court has reviewed the entire record, including the briefs (Docs. 119, 122, 125, 127, 131, 133, 136 at 1-3, 137) and all affidavits and exhibits submitted (Docs. 127-1, 127-2, 136 at 4-5, 137-1, 137-2). All parties – Petitioner and the Government – have had an ample and fair opportunity to present evidence to the Court. After careful consideration, the Court finds that Petitioner has failed to rebut the legally sound Recommendation of Judge Faircloth. Petitioner has not shown that he was not on state probation on December 17, 2005, when he committed his federal crime.

---

[1] (*See* Doc. 87 at 9 (Plea Agreement)).

2

Petitioner's Objection that the Government's affiant, Charles Sanders (*see* Sanders Affs., Docs. 127-2 at 1, 137-1), was not his probation officer is **OVERRULED**, because it is clear that Sanders was acting in his capacity as custodian of records in affirming that the information and exhibits submitted are true and accurate; Sanders did not need to have been Petitioner's probation officer. Petitioner's Objection that the Georgia Department of Corrections Case History / Field Sheet (Doc. 127-2 at 2) does not reflect accurate dates is **OVERRULED**, because the accompanying Sanders Affidavit (Doc. 127-2 at 1) affirms that the dates are correct and furthermore because the handwritten alterations appear consistent with subsequent changes to Petitioner's state probation period. Petitioner's Objection that the November 22, 2002 Probation Revocation Order submitted by Petitioner (Doc. 136 at 4-5) shows that his probation was revoked on that date is **OVERRULED**, because the Grady County Superior Court's single checkmark indicating "[t]hat the balance of probation be revoked" (Doc. 136 at 4) is inconsistent with the entirety of the Probation Revocation Order, which states that Petitioner had failed to adhere to the conditions of his state probation and orders Petitioner to further probationary supervision including "provid[ing] proof of aftercare program attendance weekly to probation supervisor" (Doc. 136 at 5), and also because on February 28, 2005, Petitioner initialed and signed an Administrative Status Notice informing him that his "probation will remain in force until the current discharge date of 6/16/09, unless you are specifically advised in writing from this office of an earlier termination." (Doc. 137-2 at 1). Petitioner was clearly on state probation beyond November 22, 2002, and Petitioner has submitted no evidence showing that he was not on state probation on the crucial date: December 17, 2005.

In evaluating the exhibits and arguments submitted, the Court finds that Petitioner has failed to show that he was not on state probation when he committed his federal crime on

3

December 17, 2005.  He did not, therefore, receive ineffective assistance of counsel regarding the resulting two-point criminal history increase.  For the foregoing reasons, therefore, the objections set forth in Petitioner's Objection (Doc. 133) and supporting documents are **OVERRULED** and United States Magistrate Judge Faircloth's August 18, 2008 Report and Recommendation (Doc. 130) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, that portion of Petitioner's Motion for Relief Under Title 18 U.S.C. 3582(c)(2) and for Habeas Relief Under Title 28 U.S.C. § 2255 (Doc. 119) requesting relief under 28 U.S.C. § 2255 is **DENIED**.

Also before the Court is Petitioner's Motion for Reconsideration (Doc. 134) regarding Judge Faircloth's August 14, 2008 Order (Doc. 129) denying Petitioner's August 8, 2008 Motion for Default Judgment (Doc. 128).  The Motion for Reconsideration is combined with Petitioner's Objection to Judge Faircloth's August 18, 2008 Report and Recommendation.  (*Compare* Doc. 133 *with* Doc. 134).  Upon review of Petitioner's Motion for Reconsideration (Doc. 134), the Court finds that, aside from being entitled as a "Motion for Reconsideration" and confirming that Petitioner had received Judge Faircloth's Order denying the Motion for Default Judgment, said document provides no argument stating why this Court should reconsider Judge Faircloth's denial of Petitioner's request for default judgment.  (*See generally* Doc. 134).  The document's entire argument is aimed at objecting to Judge Faircloth's August 18, 2008 Report and Recommendation.  (*See generally* Doc. 134).  Accordingly, because no argument regarding reconsideration was presented to the Court, Petitioner's Motion for Reconsideration (Doc. 134) is **DENIED**.

In conclusion, for the reasons stated above, Petitioner's Objections (Doc. 133) are **OVERRULED**; United States Magistrate Judge Faircloth's August 18, 2008 Report and Recommendation (Doc. 130) is **ACCEPTED, ADOPTED** and made the Order of this Court; Petitioner's Motion for Relief Under Title 18 U.S.C. 3582(c)(2) and for Habeas Relief Under Title 28 U.S.C. § 2255 (Doc. 119) is **DENIED**; and Petitioner's Motion for Reconsideration (Doc. 134) is **DENIED**.

**SO ORDERED**, this 29th day of March, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**